# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DEAN J. LEDVINA, | |
| Plaintiff, | No. C12-0049-LRR |
| vs. | |
| UNITED STATES OF AMERICA, | ORDER |
| Defendant. | |

This matter is before the court pursuant to the defendant's motion to dismiss or, alternatively, motion for summary judgment (docket no. 5). The defendant filed such motion on July 2, 2012. On July 26, 2012, the clerk's office filed a document that it characterized as a pro se resistance (docket no. 7) to the defendant's motion to dismiss or, alternatively, motion for summary judgment.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[1] When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, "no matter how skeptical the court may be." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1959 (2009). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to

---

[1] The court notes that "[a] motion to dismiss for lack of jurisdiction under [Federal Rule of Civil Procedure 12(b)(1)] which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under [Federal Rule of Civil Procedure 12(b)(6)]." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)); *see also Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 520-21 (8th Cir. 2007) (discussing standard of review).

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B&B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). Stated differently, "a complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level. . . .'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555); *see also Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (8th Cir. 2007) (examining federal pleading standards). Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2) of the Federal Rules of Civil Procedure]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (quoting *Bell Atl.*, 550 U.S. at 555). And, "[w]here the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

None of the plaintiff's filings comply with the Federal Rules of Civil Procedure. Moreover, they are difficult to comprehend and do not adequately address the defendant's dispositive motion. Consequently, the defendant's motion to dismiss or, alternatively, motion for summary judgment is essentially unresisted. Because the motion to dismiss or, alternatively, motion for summary judgment is unresisted, it is appropriate to grant it. *See* LR 7(f). Alternatively, having reviewed the record, the court deems it appropriate to dismiss the claims against the defendant for the reasons stated in its brief. The defendant adequately sets forth the law and applies such law to the facts that are set forth in the

plaintiff's pleadings.[2]  Because the plaintiff's claims are not plausible and because the plaintiff offers nothing more than baseless speculation, dismissal is appropriate under Federal Rule of Civil Procedure 12.[3]  Accordingly, the defendant's motion to dismiss or, alternatively, motion for summary judgment (docket no. 5) is granted.  The clerk's office is directed to dismiss the complaint against the defendant.

**IT IS SO ORDERED**.

**DATED** this 28th day of August, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] The court notes that, even though the defendant misstates the applicable standard, the outcome remains the same because the plaintiff failed to state a claim upon which relief can be granted.

[3] Because the facts as stated by the defendant are undisputed, the court notes that judgment could be entered pursuant to Federal Rule of Civil Procedure 56.  Nonetheless, in light of the court's reliance on Federal Rule of Civil Procedure 12, the court need not grant summary judgment.